# IN THE COURT OF APPEALS OF IOWA

No. 21-0643
Filed November 3, 2021

**IN THE INTEREST OF J.R.,**
**Minor Child,**

**T.F., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.

A mother appeals the termination of her parental rights to a child. **AFFIRMED.**

Jeremy M. Evans of Carr Law Firm, P.L.C, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General and Diane Murphy Smith, Assistant Attorney General, for appellee, State.

Erin Elizabeth Mayfield, Des Moines, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to a child, born in 2019. She contends the State failed to prove the grounds for termination cited by the district court.

We may affirm if we find clear and convincing evidence to support any of the grounds. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We will focus on Iowa Code section 232.116(1)(h) (2021), which requires proof of several elements, including proof the child cannot be returned to parental custody.

The mother began using marijuana when she was twelve and methamphetamine when she was fourteen. Her usage continued on and off through the inception of this proceeding three months after the child's birth. The mother was thirty-seven at that time.

The State applied to temporarily remove the child based on allegations that the mother "was abusing methamphetamines and living out of her car with this child." The district court granted the application. The State followed up by filing a child-in-need-of-assistance petition. The mother stipulated to adjudication of the child as a child in need of assistance.

The mother underwent a substance-abuse evaluation. She reported daily methamphetamine usage. She began inpatient treatment and made enough progress to have the child placed with her at the facility.

The reunification was short-lived. The mother was discharged from the facility after being confronted with evidence of ongoing contact with the child's father, in violation of a criminal no-contact order. She relapsed on methamphetamine five hours after leaving.

The State applied to modify the child's placement. The district court granted the application.

The mother continued her downward spiral. She was arrested and jailed on drug-related charges and remained in jail for approximately three months.

On her release, the mother renewed her efforts to engage in reunification services. She attended outpatient substance-abuse treatment sessions twice per week for about one month, and then she began extended outpatient treatment, which included weekly individual sessions.

The department employee overseeing the case, who had worked with the mother for years, expressed some angst about her recommendation to terminate the mother's parental rights. She testified to "battl[ing] with that decision" in light of "the changes" she "[saw] in [the mother] over this case." The factors that ultimately swayed her were the mother's minimal time in inpatient recovery, her lack of honesty, and her failure to visit the child after she left the facility and before she was jailed.

At the termination hearing, the mother testified to six or seven months of sobriety but acknowledged she was not ready to have the child returned to her custody. In her words, "[R]ight now, I feel like I need at least a couple more months to prove to myself and to everybody that I can do this."

On our de novo review, we agree with the district court that the State proved the elements of Iowa Code section 232.116(1)(h). We affirm the termination of the mother's parental rights to the child.

**AFFIRMED.**